IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DAVIS ICE CREAM ALABAMA d/b/a ICE CREAM WAREHOUSE,<br><br>　　Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br><br>　　Defendant. | Civil Action No.:<br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Davis Ice Cream Alabama, LLC on behalf of itself and all similarly situated entities in the United States of America files this class action against CVS Pharmacy, Inc. and alleges as follows:

## PARTIES

1.　　Plaintiff, Davis Ice Cream Alabama, LLC d/b/a Ice Cream Warehouse (hereinafter, "Plaintiff" or "ICW") is an Alabama Limited Liability Company with a principal place of business in Jefferson County, Alabama, and conducts business in all districts of Alabama under the name Ice Cream Warehouse.

2.　　Defendant, CVS Pharmacy, Inc., (hereinafter, "Defendant" or "CVS") is a Rhode Island Corporation registered to conduct business in Alabama and conducts business in all districts of Alabama and all states in the United States of America.

## JURISDICTION AND VENUE

3. This matter involves allegations that CVS breached a contract with ICW. CVS and ICW entered into a contract whereby ICW delivered frozen foods to seventy-one (71) CVS stores. Seven (7) of the stores are located in counties in the Middle District of Alabama and the remaining stores are located in Mississippi and Tennessee.

4. Plaintiff and Members of the Class have suffered aggregate damages exceeding $75,000, exclusive of interest and costs, and Members of the Class of plaintiffs are citizens of a state different from the Defendant. This Court has jurisdiction over this class action pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391, because CVS regularly conducts business in this District and significant events giving rise to this case took place in this District.

## FACTUAL ALLEGATIONS

6. CVS sells frozen foods and other grocery items from its retail pharmacy stores. To stock their freezers, coolers, and grocery shelves, CVS enters into a standard Direct Store Delivery Agreement ("DSD Supplier Agreement" or "Agreement") with various suppliers around the country. CVS uses its own standard form DSD Supplier Agreement for all DSD Suppliers.

7. Direct Store Delivery ("DSD") refers to the process of retailers contracting with a supplier to ship products directly to a retail store rather than to the retailer's distribution center. The supplier delivers the products and places them on the retailer's shelves.

8. The CVS DSD Supplier Agreement contains a simple reciprocal exchange procedure to handle any goods delivered by the DSD Supplier that may be damaged, outdated or otherwise defective ("Returned Goods"). Under the Agreement, CVS applies a deduction/ credit for the returned goods on the next delivery. CVS is required to hold the products until the DSD Supplier returns for the next delivery so they can be picked up by the DSD Supplier, which allows the Supplier to in turn return those goods to the producer for their own credit.

9. On April 5, 2019, ICW entered into a standard form "DSD Supplier" contract with CVS to deliver frozen foods to the Defendant's stores.

10. From April 5, 2019, through January 2024, ICW followed the Agreement between the parties, delivering frozen foods to seventy-one (71) CVS stores.

11. At some point, CVS decided not to follow the DSD Supplier Agreement with ICW and the Class Members by disposing of the Returned Goods before the DSD Supplier could pick up the goods. Despite disposing of the Returned Goods, CVS took credit on the amount owed to the DSD Supplier for subsequent deliveries.

12. <u>First</u>, ICW and the Class Members are owed sums totaling the amount CVS deducted from the payment of their invoices for the cost of the Returned Goods CVS disposed of, preventing the DSD Suppliers from picking up the goods for their application of credit to their producers.

13. Further, on July 21, 2023, in direct contravention of the DSD Supplier Agreements entered into with ICW and the Class Members, CVS decided to retroactively charge back the cost of Returned Goods it had not previously deducted from all previous months in 2023 and the entire year of 2022.

14. <u>Second</u>, ICW is now owed more than $10,000 for deliveries made from August 2023 to January 2024. The Class Members are also owed amounts due to the retroactive chargeback by CVS.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action, on behalf of itself and all others similarly situated, as a Class action under Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

16. Because CVS entered into the same standard form DSD Supplier Agreement with ICW and the Class Members and has deducted amounts from sums owed to ICW and the Class Members for Returned Goods for which it disposed of in the same manner with regard to all DSD Suppliers, this class action is brought to

remedy the wrongs created by CVS's across-the-board breach of the DSD Supplier Agreement and Unjust Enrichment for goods delivered and have not paid.

17. The Class Plaintiff seeks to represent is defined as follows:

All entities in the United States who entered into a DSD Supplier Agreement with CVS and were not paid for delivery of goods due to CVS's deduction of cost for Returned Goods that CVS disposed of.

All entities in the United States who entered into a DSD Supplier Agreement with CVS and were retroactively charged back the cost of Returned Goods CVS had not previously deducted from all previous months in 2023 and the entire year of 2022.

18. Excluded from the Class are CVS's officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

19. Plaintiff reserves the right to amend the Class definition if discovery and any further investigation reveal the Class should be expanded or otherwise modified.

20. Plaintiff reserves the right to establish additional sub-classes as appropriate.

21. This action is brought and properly may be maintained as a Class action under the provisions of Federal Rules of Civil Procedure 23(a)(l)-(4) and 23(b)(l), (b)(2) or (b)(3), and satisfies the requirements thereof. As used herein, the term

"Class Members" shall mean and refer to the Members of the Class. 28 U.S.C. § 1711(4).

22.   Numerosity: On information and belief, there are hundreds if not thousands of DSD Suppliers in Alabama and nationwide, who have not been paid the full amount for the goods they delivered to CVS. The proposed Class is so numerous that individual joinder of all Members is impracticable. The identity of these Class Members is ascertainable via CVS's electronic and other retained records of their DSD Suppliers.

23.   Common Questions of Law and Fact Predominate: There are many questions of law and fact common to Plaintiff, ICW and the Class Members, and those questions substantially predominate over any questions that may affect individual Class Members. Common questions of fact and law include, but are not limited to:

    (a)   Whether CVS disposed of Returned Goods before the Plaintiff and Class members could pick up the goods;

    (b)   Whether CVS has deducted cost amounts of disposed Returned Goods from amounts owed to the Plaintiff and other Class Member DSD Suppliers;

    (c)   Whether the Plaintiff and Class Members have been paid for all the goods delivered to CVS's stores without deductions for Returned Goods that were disposed of by CVS;

    (d)   Whether CVS breached the DSD Supplier Agreement with the Plaintiff and Class Members by deduction of amounts owed for Returned Goods CVS disposed of;

  (e)  Whether CVS breached the DSD Supplier Agreement with the Plaintiff and Class Members by retroactively charging back the cost of Returned Goods it had not previously deducted from all previous months in 2023 and the entire year of 2022;

24. Typicality:  ICW's claims are typical of the claims of the Members of the Class.  ICW and all Members of the Class have been similarly affected by CVS's actions.

25. Adequacy of Representation: ICW will fairly and adequately represent and protect the interests of the Class. ICW has retained counsel with substantial experience in prosecuting complex and consumer class action cases.  ICW and its counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.  ICW will participate in the litigation, discovery and attend any Court hearings requiring his presence.

26. Superiority of Class Action:  ICW and the Members of the Class suffered, and will continue to suffer, harm as a result of CVS's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all Members of the Class is impractical.  The amounts at issue would not be economical to litigate individually and individual Class Members are likely to have little interest in controlling the litigation.  Even if individual entity Class Members have the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual entity litigation

magnifies the delay and expense to all parties in the court system of resolving the controversies caused by CVS's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all Class Members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class Members.

## COUNT I
## BREACH OF CONTRACT

27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28. CVS is bound by the terms of the DSD Supplier Agreements it entered into with the Plaintiff and Class members.

29. Pursuant to the DSD Supplier Agreement, CVS is required to hold the products until the DSD Supplier returns for the next delivery so they can be picked up by the DSD Supplier.

30. CVS breached the DSD Supplier Agreement with the Plaintiff and Class Members by disposing of the Returned Goods and applying a credit/deduction on the amount owed to the DSD Supplier for subsequent deliveries.

31. CVS breached the DSD Supplier Agreement with the Plaintiff and Class Members by retroactively charging back the cost of Returned Goods it had not

previously deducted from all months previous to August 2023 and the entire year of 2022.

32. As the direct, proximate and legal result of CVS's actions or failure to act, which constitutes a breach of contract with the Plaintiff and the Class, the Plaintiff and the Class have suffered damages, compounded by interest on the amounts due and owing and are entitled to the relief sought herein for those breaches.

## COUNT II
## UNJUST ENRICHMENT

33. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

34. The actions by CVS have resulted in the company receiving the benefit of goods delivered to its stores for which the Plaintiff and the Class members have not been paid.

35. CVS has received the value of those goods at the expense of the Plaintiff and the Class members.

36. Under the circumstances described in this Class Action Complaint, CVS has been unjustly enriched without payment to the Plaintiff and Class Members.

37. The Plaintiff and Class Members have suffered damages in the form of short payments, compounded by interest on the amounts due.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. An order certifying the Class and appointing Plaintiff and their counsel to represent the Class;

2. Monetary relief and/or equitable relief in an amount to be determined at trial;

3. Interest on any Judgement rendered;

4. Attorneys' fees and costs of suit, including costs of notice, administration, and expert witness fees; and

5. Such other legal or equitable relief, including injunctive and/or declaratory relief, as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Dated:  April 3, 2024

*/s/ Jay Aughtman*
Joseph "Jay" H. Aughtman (ASB-8081-A43J)
**Aughtman Law Firm, LLC**
1772 Platt Place
Montgomery, AL 36117
Phone:  (334) 215-9873
Fax:     (334) 213-5663
jay@aughtmanlaw.com