IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVIS ICE CREAM ALABAMA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:24-cv-209-ECM |
| | ) | [WO] |
| CVS PHARMACY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On July 3, 2024, the Plaintiff filed its second amended class action complaint. (Doc. 21). The Court has reviewed the second amended class action complaint, and it appears to the Court that the Plaintiff's allegations may be insufficient to invoke this Court's diversity jurisdiction. Specifically, the Court questions whether the second amended class action complaint alleges that the amount in controversy requirement is met, either for purposes of traditional diversity jurisdiction or the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(a) & (d). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (emphasis in original). "When jurisdiction is premised on the diversity of the parties, the court is obligated to assure itself that the case involves the requisite amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

First, the Plaintiff asserts jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1367, despite failing to establish that its claims independently exceed $75,000—the jurisdictional

threshold. *See Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 549 (2005) ("[W]here the other elements of jurisdiction are present and *at least one* named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy.") (emphasis added); (doc. 21 at 2, para. 4).  Here, the Plaintiff alleges it is "owed more than $10,000 for deliveries made from January 2022 to January 2024, as well as previous years[,]" which is insufficient to satisfy 28 U.S.C. § 1332(a)'s amount-in-controversy requirement. (Doc. 21 at 6, para. 20).

Second, the Plaintiff asserts jurisdiction pursuant to CAFA, which gives district courts original jurisdiction over class actions when the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); (doc. 21 at 2–3, para. 4).  Here, the Plaintiff alleges that "[c]lass [m]embers are also owed *amounts* due to the same actions by [the Defendant]." (Doc. 21 at 6, para. 20) (emphasis added). However, the second amended class action complaint does not allege additional facts from which the Court can ascertain whether the amount-in-controversy requirement is met.

Thus, the Court concludes that the Plaintiff shall file a brief addressing whether the Court has subject matter jurisdiction over this action.  Accordingly, it is

ORDERED that, **on or before January 23, 2025**, the Plaintiff shall file a brief addressing the jurisdictional issue raised herein.  It is further

ORDERED that, to the extent the Defendant wishes to be heard on the jurisdictional issue, the Defendant may file a response brief **on or before January 30, 2025**.

DONE this 16th day of January, 2025.

                    /s/ Emily C. Marks
              EMILY C. MARKS
              CHIEF UNITED STATES DISTRICT JUDGE